# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JAMES EDWARD MOORE,<br><br>    Petitioner,<br><br>v.<br><br>BRADLEY COUNTY JUSTICE CENTER<br>& SHERIFF'S OFFICE,<br><br>    Respondent. | No.: 1:18-CV-233-HSM-SKL |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. As it appears from the motion for leave to proceed *in forma pauperis* that Petitioner lacks sufficient financial resources to pay the $5.00 filing fee, this motion [*Id.*] will be **GRANTED.** For the reasons set forth below, however, this action will be **DISMISSED** without prejudice.

Petitioner labelled his petition a motion for habeas corpus relief [Doc. 1 p. 1]. This petition, however, is subject to summary dismissal because Petitioner is challenging the conditions of his confinement. Specifically, Petitioner alleges that the jail is overcrowded, the food at the jail is bad, and the showers at the jail have black mold [*Id.* at 2].

Prisoners must pursue claims that challenge the fact or duration of their imprisonment through a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Habeas corpus relief is not available, however, to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Petitioner's complaints about the conditions of his confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the

legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980). Thus, such claims "fall outside of the cognizable core of habeas corpus relief" and are properly brought under 42 U.S.C. § 1983. *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). Further, the Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2254, the district court must dismiss the habeas action without prejudice. *Martin*, 391 F.3d at 714.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate the Court's finding that Petitioner's claims are not cognizable under § 2254.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R:**

                                                */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE